Argued and submitted May 27, reversed July 15, decision vacated by order
July 21, 1998
See 156 Or App 391, 967 P2d 484 (1998)

TIMOTHY BRIAN DAVIS,
*Respondent,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

(97-06-28923-M; CA A99440)

967 P2d 484

Christine Chute, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Bob Pangburn argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Following deferment of his prison release by the Board of Parole and Post-Prison Supervision (Board), petitioner filed for habeas corpus relief. The trial court issued a writ and subsequently entered judgment for petitioner in August 1997. The trial court held, pursuant to ORS 144.125 (1991), that petitioner's parole psychological evaluation provided insufficient evidence for the Board to conclude that petitioner was a danger to the health and safety of the community. This appeal by the state followed.

We have since held that Board release decisions under ORS 144.125 (1991) are not solely dependent on a psychiatrist's or psychologist's diagnosis. *Merrill v. Thompson*, 155 Or App 295, 964 P2d 284 (1998). That statute contemplates that the Board will consider *all* information properly before it, drawing on data contained in physical, mental, and psychiatric examinations of prisoners, as well as other relevant sources. *Id.* at 18. In this case, evidence in the record is legally sufficient to support the Board's finding that petitioner had an emotional disturbance rendering him a danger to the community.

Reversed.